IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. ANDERSON,
        Plaintiff,                                            06cv0759
    v.                                                 **Electronically Filed**

JACQUELINE R. MORROW,
CITY OF PITTSBURGH SOLICITOR,
ET AL.,
        Defendants.

### MEMORANDUM OPINION

**July 28, 2006**

      Before the Court is defendants' Motion to Dismiss (Document No. 3) plaintiff William D. Anderson's *pro se* complaint, a Complaint in Equity filed in the Court of Common Pleas of Allegheny County and removed to this Court pursuant to 28 U.S.C. § 1441 by the municipal defendants, Jacqueline R. Morrow, the Solicitor for the City of Pittsburgh Solicitor, and the "City of Pittsburgh Building Inspector and the Office of Municipal Investigations," based upon federal civil rights claims raised in the complaint. Although captioned as a "Complaint in Equity," plaintiff explicitly seeks monetary damages in the amount of "Thirty Million Dollars ($30 mil)" for defamation and violations of the "4th and 14th Amendment to the Constitution of the United States of America," for damages stemming from a series of actions allegedly taken against him, his auto body repair business, and his property during a period from January 1999 through October 2005.

      After careful consideration of defendants' motion to dismiss and brief in support, plaintiff's response (entitled "Motion in Opposition of Defendants' Motion to Dismiss"), defendants' reply to plaintiff's response, and all of the supporting documentation submitted on

both sides, the Court will grant the motion to dismiss for the most part, and deny it in part.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party.  Budinsky v. Pennsylvania Dept. of Environmental Resources, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").  *Pro se* litigants will of course be given *some* leeway (but not unlimited *cart blanche*) because they are not versed in the law, and their complaints should be construed liberally.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  Construing plaintiff's complaint liberally, most of it must, nevertheless, be dismissed.

Harassment by Inspectors and Other Officials

Plaintiff alleges he was repeatedly and unjustly inspected and harassed by various officials and employees of the City of Pittsburgh in the operations of his auto repair business from January 29, 1999 through April 2, 2003, and that the City failed to do anything about his complaints about the harassment.  Complaint in Equity, ¶¶ 1-16.  It is difficult to discern any federal constitutional violations in plaintiff's allegations, but the Court need not and does not decide the merits of these claims.

As defendants correctly argue, these claims are barred by the two year statute of limitations to the extent they raise civil rights/ section 1983 claims,[1] see Reitz v. County of Bucks, No. 95-6603, 1996 WL 530021 *2 (E.D.Pa. 1997) (claim stemming from municipal defendants' allegedly unlawful seizure and detention of plaintiffs personal and real property governed by the two year statute of limitations that applies to torts against real and personal property, 42 Pa.C.S. § 5524), and to the extent they attempt to raise a common law defamation cause of action, such claims are barred by Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-61, which does not permit defamation actions against public officials or municipalities.  See, e.g., Keim v. County of Bucks, 275 F. Supp.2d 628 (E.D.Pa. 2003) (county and county corrections department were immune, under the Pennsylvania Political Subdivision

---

[1] The statute of limitations for a section 1983 claim is generally the applicable state-law period for personal-injury torts.  Wilson v. Garcia, 471 U.S. 261, 275 (1985). Under 42 Pa.C.S. §5524(7), a two-year statute of limitations is imposed for "any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct . . ."  Accordingly, the applicable statute of limitations for any civil rights claims arising under Section 1983  is two years. Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir.1989) (stating that the statute of limitation for any Section 1983 claim is the state statute which limits actions for personal injuries).

Tort Claims Act, from county corrections officers' defamation and false light tort claims).

Plaintiff does not counter defendants' argument on the statute of limitations, and he does not suggest anything that might conceivably raise tolling or any other equitable impediment to application of the statute of limitations, and the Court therefore will dismiss these claims.

<u>Defendants Failed to Repair a Sink Hole in Street</u>

Although plaintiff's claim (if it is a federal claim) about the City's failure to respond to his complaint on or about April 25, 2004 about a large sink hole on Fushsia Way, Complaint in Equity, ¶ 17, was arguably within the statute of limitations, there is no constitutional right implicated, and this claim (if it is a federal claim) will be dismissed. Plaintiff also does not assert that he or his business or property sustained any damages from the sink hole or by the City's alleged failure to respond to his complaints about it, and to the extent this attempts to raise a state claim, it will be dismissed for failure to allege any damages to him.

<u>Alleged Fourth Amendment Violation</u>

Plaintiff claims that on or about June 8, 2004, agents from the City of Pittsburgh, including its Bureau of Building Inspection, executed a warrantless search of his property at 7428 Monticello Street in Pittsburgh, "ransacking it and ripping down curtains on the first floor and a blind from a second floor window." Complaint in Equity, ¶ 18. Plaintiff further claims that defendants were unresponsive to his complaints about this ransacking. Defendants assert that plaintiff is not the owner of this property and has no standing to assert damage claims. Given the liberality and leeway federal courts allow *pro se* plaintiffs, this Court cannot say, at *this* stage of the proceedings, that plaintiff has no ownership or other personal interest in this property, or that he will be unable to prove *any* set of facts that might sustain a claim of a Fourth Amendment

violation for a warrantless search that might have caused some damage to any interest he may have in this property. The Court observes, however, that plaintiff's claim of "Thirty Million Dollars ($30 mil)" damages is obviously fanciful, and detracts from any legitimacy this claim might have.

The Court will deny defendants' motion to dismiss plaintiff's Fourth Amendment claim regarding the property at 7428 Monticello Street as premature, without prejudice to raise the issue at an appropriate time in a motion for summary judgment following discovery.

<u>Unlawful Condemnation/ Demolition of 7428 Monticello Street</u>

In his "Motion in Opposition of Defendants' Motion to Dismiss" (Document No. 7), plaintiff indicates that this property was improperly condemned and demolished by the City in 2005, and he attaches documents to support this claim. The attachments make it clear that there were judicial condemnation proceedings in Allegheny County. Defendants' Reply states that the judicial proceedings were finally decided, *unfavorably* to plaintiff.

Final disposition of judicial condemnation proceedings would pose serious - perhaps insurmountable - claim and issue preclusion obstacles to any claims of constitutional violations arising from the alleged condemnation and demotion of property, but plaintiff has not made such claims in his Complaint in Equity. In the event plaintiff files an appropriate motion to amend his complaint to add such a claim, the Court will direct a response and briefs, and will consider the propriety of such amendment pursuant to Fed.R.Civ.P. 15, including whether such an amendment should be denied as futile. See, e.g., <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1278 (3d Cir. 1994) (futility of proposed amendment is grounds to deny motion to amend).

The Court will enter an Order granting in part and denying in part defendants' motion to dismiss. The parties are advised that the scope of discovery and of further pretrial and trial proceedings are defined and limited by today's rulings, and should proceed accordingly.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All counsel and parties of record